■ FRANK J. LEWIS, Respondent, v. RICHARD C. BAKER, Defendant, and KIRBY BAKER, Appellant. (Action No. 1.) FRANK J. LEWIS, as Guardian ad Litem of GAIL W. LEWIS, Respondent, v. RICHARD C. BAKER, Defendant, and KIRBY BAKER, Appellant. (Action No. 2.) — Appeals (1) from an order of the Supreme Court, Schoharie County which granted plaintiff's motion to set aside as inadequate a verdict of $3,900 in favor of the infant plaintiff in a negligence action, for damages for personal injuries, and directed a new trial; and (2) from a judgment of said court entered upon a verdict of $3,000 in favor of the plaintiff father upon his derivative cause of action, and from an order denying a motion to set aside said verdict as excessive and for a new trial. The only issue presented is as to the adequacy of the verdict for the infant plaintiff, appellant having conceded upon the oral argument that the parent's verdict was not legally excessive. The infant plaintiff, then 17 years old, was injured on June 25, 1954 when the automobile in which she was riding left the highway and struck a tree. She sustained cuts and lacerations of her head, knees, legs and ankles, resulting in some scarring; injury to the radial nerve on the right; fracture of the right scapula; and an overriding fracture of the right humerus which, after a week in a cast, required operation, by two incisions, for open reduction and the insertion of a nine-inch Rush nail within the marrow cavity. At the end of her two weeks' hospitalization in Schenectady a wrist drop due to radial nerve involvement was observed, on account of which she consulted a neurosurgeon in Boston in August, and returned there in September for operation, the procedure undertaken being a neurolysis, and after one week's hospitalization returned home, with her arm splinted. She returned to Boston for the third time in November for observation. In December of the next year she was again operated upon in Schenectady, this time for removal of the Rush nail, the hook having caused pain and irritation, and for excision of keloid scars at the sites of the prior operative incisions. At the time of the trial, however, there remained a six and one-half inch scar on the outer side of her arm and a two-inch scar on her shoulder, each with keloid formation and she complained that each caused marked itching. The doctor testified to other permanent conditions including bowing of the humerus, shrinking of the upper arm and of the lower arm, atrophy of the deltoid muscle and limitation of extension of the elbow. That the trial court correctly found the verdict inadequate seems too clear to require discussion. We consider however that the motion should have been granted conditionally upon defendant's failure to stipulate a proper increase. Order in the action of Gail Wright Lewis modified so as to add the proviso that if, within 20 days after service of a copy of said order, defendant-appellant shall stipulate that the verdict be increased to $12,000, the motion will be denied; and, as so modified, affirmed, with costs to respondent. Judgment and order in the action of Frank J. Lewis, affirmed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.